IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AUSTIN DYLAN EVERSOLE, #1626507,  Petitioner, | § § § | |
| v. | § § | 3:11-CV-1478-M-BK |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division,  Respondent. | § § § § § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made Findings, Conclusions and a Recommendation in this case. Petitioner filed *Objections* on November 6, 2012, and the District Court has made a *de novo* review of those portions of the proposed Findings, Conclusions and Recommendation to which objection was made.

The Magistrate Judge recommended that the *pro se* petition for writ of habeas corpus be dismissed as barred by the one-year statute of limitations <u>and</u>, alternatively, that it be denied on the merits. Petitioner's *Objections* and *Motion in Response to Doc. 47* (Doc. 44, 48) reiterate arguments addressed and rejected in the Magistrate Judge's recommendation, focusing primarily on the statute of limitations issues. Moreover, as explained in the Magistrate Judge's recommendation and February 28, 2013 order, Petitioner is not entitled to an evidentiary hearing.

Insofar as Petitioner seeks to raise a *new* argument -- namely that he was unaware of the "AEDPA statute of limitations" because it was not "posted" in the law library (Doc. 48 at 2-3) -- his belated assertion does not rise to a state created impediment. This is not a case where the

state failed to provide a copy of the AEDPA statute of limitations, which is necessary to a prisoner to challenge his conviction. *Cf. Egerton v. Cockrell*, 334 F.3d 433, 438-39 (5th Cir. 2003) (prison law library's failure to provide copy of AEDPA constituted state created impediment that tolled limitations period). Here, Petitioner merely claims that the AEDPA was not separately posted in the law library so that he could have learned about it without conducting any research. Nevertheless, Petitioner does not allege a causal link between the alleged denial of access to the AEDPA and his inability to file a timely federal petition. *See Krause v. Thaler*, 637 F.3d 558, 561-62 (5th Cir. 2011) (state prisoner who only alleged that library at transfer facility was inadequate failed to establish that he was prevented from timely filing habeas petition; prisoner failed to allege that transfer facility's lack of legal materials prevented him from filing timely habeas application).

Accordingly, Petitioner's objections are overruled, and the Court **ACCEPTS** the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

Furthermore, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings for the United States District Court, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,*

529 U.S. 473, 484 (2000).[1]

SO ORDERED this 15th day of March, 2013.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings, as amended effective on December 1, 2009, reads as follows:
   **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
   **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.